IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                                                PLAINTIFF

v.                                    Case No. 2:15-CR-20026

ADAM KARR                                                                                DEFENDANT

## ORDER

Before the Court is Defendant Adam Karr's motion for the authorization of expert witness funds (Doc. 20) and amended motion for the authorization of expert witness funds (Doc. 21). Adam Karr was arrested on August 12, 2015 following the filing of a criminal complaint, which charged him with possession of child pornography.  Less than one week prior, Adam Karr's brother, Brett Karr, was arrested on a criminal complaint accusing him of similar violations. Ultimately, both were indicted on various counts of sexual exploitation of a child and possession of child pornography.  Although Adam and Brett Karr were charged in separate indictments for conduct occurring roughly 2 years apart, each is accused of exploiting the same minor victim found in some of the videos of child pornography each possessed.

Adam and Brett Karr each underwent psychiatric evaluations conducted by personnel with the Federal Bureau of Prisons to determine their competency to stand trial, and each was deemed competent.  However, on November 24, 2015, Brett Karr filed an unopposed motion to continue the trial date in order to obtain an independent psychiatric evaluation to be paid for by the Federal Public Defender's office.  The reasons given for requesting the second psychiatric evaluation were that Brett Karr disagreed with the results of the first evaluation and that Brett Karr's counsel was experiencing significant difficulty in effectively communicating with Brett Karr.  The Court granted Brett Karr's motion and he underwent a second psychiatric evaluation completed by Dr.

Gerald Stein. The results of that second psychiatric evaluation indicate that Brett Karr is not competent to stand trial because he suffers from a disorder that renders him unable to confide in and trust his attorney, and thus prevents him from being able to effectively assist in his own defense.

On January 25, 2016, Adam Karr filed his own unopposed motion to continue his trial date in order to obtain an independent psychiatric evaluation. Adam Karr's motion was nearly identical to the motion filed by Brett Karr. Adam Karr also seeks to be evaluated by the same psychiatrist, Dr. Stein, who performed Brett Karr's second psychiatric evaluation. However, because Adam Karr is represented by an attorney appointed under the Criminal Justice Act ("CJA"), he is also required to submit a request for the authorization of expert witness funds pursuant to 18 U.S.C. § 3006A(e). On January 26, 2016, Adam Karr filed that separate motion for the authorization of expert witness funds, which stated that $4,950 was necessary to obtain an independent psychiatric evaluation by Dr. Stein. On February 1, 2016, Adam Karr filed an amended motion for the authorization of expert witness funds, which provided a few additional details and arguments. Primarily, Adam Karr argues that he should be afforded the same opportunity to prepare a defense as any other similarly situated defendant (i.e., Brett Karr) and not be penalized because he is represented by a CJA attorney who is required to gain approval for these types of funds.

Title 18 U.S.C. § 3006(e)(1) provides that:

> Counsel for a person who is financially unable to obtain investigative, expert, or other services necessary for adequate representation may request them in an ex parte application. Upon finding, after appropriate inquiry in an ex parte proceeding, that the services are necessary and that the person is financially unable to obtain them, the court . . . shall authorize counsel to obtain the services.

The amount of requested funds may be no greater than $2,500[1] "unless payment in excess of that limit is certified by the court . . . as necessary to provide fair compensation for services of an unusual character or duration, and the amount of the excess payment is approved by the chief judge of the circuit." 18 U.S.C. § 3006A(e)(3). "The decision to grant or deny an application for expert services pursuant to 18 U.S.C. § 3006A(e)(1) is committed to the sound discretion of the district court; the denial or limitation of funds for expert services will not be reversed absent a showing of prejudice." *United States v. Bercier*, 848 F.2d 917, 919 (8th Cir. 1988) (citations omitted).

Adam and Brett Karr are half-brothers aged roughly one year apart who were raised together by their mother. Both appear to have a history of mental health issues and treatment. Now, both are charged with engaging in the same types of conduct, and each defendant faces a charge which carries a fifteen-year mandatory minimum term of imprisonment upon conviction. In light of those facts, and considering that Brett Karr has now been evaluated to be mentally incompetent to stand trial,[2] the Court finds it necessary to afford Adam Karr the same opportunity to obtain a second psychiatric evaluation in order to assure his competence to stand trial and avoid any prejudice arising from the disparate treatment of his brother, Brett Karr. In addition, the Court finds that an evaluation conducted by Dr. Stein would be especially warranted given Dr. Stein's existing knowledge of Adam Karr's familial circumstances, and would further the Court's goal of

---

[1] The current version of 18 U.S.C. § 3006A(e)(3) the United States Code lists $2,400 as the maximum amount of funds available for services provided under that section; however, as of January 1, 2016, the maximum is increased to $2,500. *See* Current Criminal Justice Act (CJA) Rates and Case Compensation Maximums, http://jnet.ao.dcn/court-services/cja-panel-attorneys-and-defenders/cja-rates-case-compensation-maximums/current-criminal-justice-act-cja-rates-and-case-compensation-maximums (referencing CJA Guidelines § 310.20.10, which have not yet been officially updated).

[2] Whether Brett Karr is actually mentally incompetent to stand trial has yet to be decided.

avoiding disparate treatment between Adam and Brett Karr.[3]  In the Court's view, those circumstances justify the $2,450 of requested funds that exceed the $2,500 statutory maximum. Accordingly, the Court finds that the amended motion for the authorization of expert witness funds (Doc. 21) in the amount of $4,950.00 is GRANTED, pending final approval by the Chief Judge of the Eighth Circuit Court of Appeals, William Jay Riley.  The original motion for the authorization of expert witness funds (Doc. 20) is DENIED AS MOOT.

      IT IS SO ORDERED this 5th day of February, 2016.

*/s/ P. K. Holmes,* III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE

---

[3] The Court notes that an ex parte proceeding is called for by the statute and should ordinarily occur before deciding on the type of motion before the Court; however, Karr did not request any additional ex parte hearing on the motion and the Court finds that the motion presents sufficient bases to grant the request.  Therefore, no additional ex parte proceeding is necessary.